JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
233 Broadway
5th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

**CV 13-2790**

**SUMMONS ISSUED**

**DEARIE, J.**

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRA BOYLE,

    Plaintiff

    v.

EATZ RESTAURANT CORP. d/b/a
PETE'S PIZZERIA and THEODORE
APODIACOS,

    Defendants.

**COMPLAINT**

**INDEX NO.:**

**DEMAND FOR JURY TRIAL**

Plaintiff Kira Boyle, by and through her undersigned attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fail Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). This Court has supplemental jurisdiction over Plaintiff's New York state law claims, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 296 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-107 *et seq.*, claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

3. The New York City Commission on Human Rights will be notified and sent a copy of this complaint.

## THE PARTIES

4. Defendant Eatz Restaurant Corp. is a New York Corporation that operates Pete's Pizzeria in Manhattan. At all relevant times, Pete's Pizzeria had more than four (4) employees.

5. Defendant Theodore Apodiacos is the Chief Operating Officer of Eatz Restaurant Corp. and exercises sufficient control of Eatz Restaurant Corp.'s day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

6. Defendant Apodiacos made an appearance in the restaurant almost every day.

7. Defendant Apodiacos has the power to hire and fire Eatz Restaurant Corp. employees and control their conditions of employment.

8. Defendant Apodiacos hired Plaintiff Kira Boyle.

9. Upon information and belief, Defendant Apodiacos controls how much employees are paid.

10. Plaintiff Boyle was employed by Defendants as a cook at the Pete's Pizzeria from in or around 2008 to in or around 2011.

## FACTUAL ALLEGATIONS

11. Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

12. Defendants knew that nonpayment of minimum wage, overtime, and spread of hours premium would economically injure Plaintiff and violated federal and state laws.

13. Between approximately mid-March 2012 to August 10, 2012, Plaintiff worked between 50 - 55 hours per week, usually over ten hours per day, five days per week.

14. Plaintiff was paid approximately $500-600 per week in cash.

15. Plaintiff always worked more than 40 hours per week.

16. Defendants did not pay Plaintiff an overtime premium of one and a half times her regular rate for hours worked in excess of 40 per week.

17. Plaintiff's shifts often lasted longer than 10 hours. However, Defendants did not pay Plaintiff New York's spread of hours premium when her workday lasted longer than 10 hours.

18. Defendants never provided Plaintiff with the notices required by New York Labor Law § 195.

19. Throughout Plaintiff's employment with Eatz Restaurant Corp., Apodiacos created a sexually hostile work environment by ignoring her repeated complaints about sexual harassment from three of her male co-workers. The harassing actions included, but are not limited to, the following.

20. George, a chef at Pete's Pizzeria, would frequently engage in inappropriate sexual harassment, including forcefully touching Plaintiff in a sexual manner. For example, George would pinch her buttocks with kitchen tongs and push his body against her when she walked by him. In early August 2012, he reached under her apron and grabbed her crotch in front of customers. Each time he would touch her she told him directly to stop and that it was undesired.

21. Javier, a chef at Pete's Pizzeria, would also frequently sexually harass Plaintiff. He would press himself against Plaintiff in the kitchen, while trying to hug her and grab her breasts. Once he forcefully hugged her in the direct view of customers while she vocally told him to stop. Plaintiff would frequently tell him that his behavior was inappropriate and to stop touching her, but he would ignore her. He frequently made unwanted sexual comments to her about her body and about his desire to engage in sexual acts with her.

22. Armondo, a chef at Pete's Pizzeria, would frequently physically harass Plaintiff and make sexually explicit comments to her. He would press himself against her while in the back kitchen, pinning her against the counter with his crotch pressed against her buttocks. Shortly after Plaintiff initially complained to Apodiacos about the sexual harassment, Armondo followed Plaintiff into the refrigerator and tried to lift her up by her buttocks. He would frequently grope her while making comments such as, "Like that?" and "I want to stick my dick in your ass like a Burro [donkey]."

23. During the last week of July 2012, Plaintiff complained to Apodiacos about George putting his hand on her crotch. He did not take any action to address Plaintiff's complaint and the harassment continued.

24. On August 4, 2012, directly following Armando's attempts to grab her in the refrigerator, Plaintiff complained to Apodiacos a second time about the constant sexually harassment from all three chefs. In response, Apodiacos told her, "You're lying." He then told her that she was a troublemaker and the other chefs were complaining about her job performance. He said that he would talk to the chefs and find out what was happening.

25. Following each complaint, the sexual harassment against Plaintiff continued. On August 10, 2012, Plaintiff asked him if he had spoken with the chefs about the sexual

4

harassment. Apodiacos responded simply denying that the sexual harassment had occurred. He then told her that the chefs have made complaints about her and that she needed to "deal with her personal issues."

26. Apodiacos immediately retaliated against Plaintiff by reassigning her to The Shack on August 13, 2012, another location that Eatz Restaurant Corp. rented by for the summer, where her hours were drastically cut, from approximately 50 - 55 hours per week to approximately 30 hours per week. She received approximately $300 - $350 per week when working at the shack. Apodiacos informed her that when The Shack closed at the end of August, her employment would be terminated.

27. In late August, when The Shack closed for the season, Apodiacos offered Plaintiff her job back at Pete's Pizzeria on the condition that she "admit" that the harassment did not occur. When Plaintiff declined to retract her earlier complaint, Apodiacos terminated her.

28. For her final week in which she worked for 30 hours, Plaintiff was paid $200.00 in cash, which is less than the federal and state minimum wage.

29. As a direct and proximate consequence of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer monetary damages, including but not limited to a loss of income, including past salary, future salary, and non-monetary damages including but not limited to humiliation and mental and physical pain and suffering.

30. Defendants engaged in the above-referenced acts with reckless and callous disregard of Plaintiff's statutory rights to a workplace free of discrimination based on sex.

### FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

33. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff at one and one half times the minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff had been entitled to overtime.

34. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

35. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650** *et seq.*
**N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.4, 137-1.3)**

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

38. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

39.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,  
N.Y. Comp. Code R. & Regs. tit. 12, §§ 146-1.6, 137-1.7)**

40.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.     Plaintiff's workdays regularly lasted more than ten (10) hours.

42.     Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

43.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

44.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45.     Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

46.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF

**(NYSHRL discrimination – Brought against all Defendants)**

47. Plaintiff realleges and incorporates by reference all previous paragraphs.

48. In violation of the NYSHRL, Defendants discriminated against Plaintiff on the basis of sex by subjecting her to a hostile work environment that was severe or pervasive enough to affect the terms and conditions of her employment.

49. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
**(NYSHRL retaliation – Brought against all Defendants)**

50. Plaintiff realleges and incorporates by reference all previous paragraphs.

51. In violation of the NYSHRL, Defendants willfully and unlawfully retaliated against Plaintiff by transferring her to a position where she received significantly less in earnings and then terminating her employment following her execution of protected activities, namely complaining about workplace sexual harassment.

52. As a result of Defendants' unlawful conduct, Plaintiff is entitled to lost wages, compensatory damages, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
**(NYCHRL discrimination – Brought against all Defendants)**

53. Plaintiff realleges and incorporates by reference all previous paragraphs.

54. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of sex by subjecting her to a sexually hostile work environment.

55. Defendants' discrimination against Plaintiff was committed with reckless and callous disregard of her NYCHRL right to a workplace free from discrimination based on sex.

56. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
**(NYCHRL retaliation – Brought against all Defendants)**

57. Plaintiff realleges and incorporates by reference all previous paragraphs.

58. In violation of the NYCHRL, Defendants retaliated against Plaintiff by acting in a materially adverse way towards Plaintiff because she complained about sexual harassment at hands of her co-workers.

59. In retaliating against Plaintiff, Defendants acted in knowing or reckless disregard of Plaintiff's statutory rights.

60. As a result of Defendants' unlawful conduct, Plaintiff is entitled to lost wages, compensatory damages, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof to be paid by Defendants;

B. Punitive damages;

C. Penalties available under applicable laws;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 42 U.S.C. § 1988, N.Y.C. Admin. Code § 8-502, and other applicable statutes;

F. Pre-judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
May 7, 2012

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
233 Broadway
5th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

10